**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  03-cv-2218-REB-CBS

LIBERTY SAVINGS BANK, FSB,

    Plaintiff,

v.

WEBB CRANE SERVICE, INC., a Colorado corporation,
JEFFREY A. WEINMAN, the Webb Crane Service, Inc., Chapter 7 Bankruptcy Trustee,
KLW & W, LLC, a Colorado corporation,
DAVID E. LEWIS, the KLW & W, LLC Chapter 7 Bankruptcy Trustee,
WILLIAM WEBB (a/k/a Will Webb), an individual,
KELLY WEBB, an individual,
LESLIE WEBB, an individual,
JOHN FORIER, an individual. and
GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,

    Defendants.

---

## ORDER GRANTING BANKRUPTCY TRUSTEE'S MOTION TO DISMISS

**Blackburn, J.**

    This matter is before me on the motion to dismiss filed by the Chapter 7 Trustee for the Webb Crane Service, Inc. bankruptcy estate [# 182], filed February 9, 2005.  The plaintiff has filed a response and the trustee has filed a reply.  I conclude that the motion should be granted.

    Liberty is a Creditor of Webb Crane Service, Inc. (Webb).  Liberty alleges that Webb fraudulently transferred money borrowed from Liberty to another entity known as KLWW.  KLWW owned and was developing a parcel of real estate known as the

Spring Creek Industrial Park (SCIP). Liberty claims some of the fraudulently transferred money was used to enhance the value of the SCIP. On April 22, 2003, Liberty filed a civil complaint against Webb, KLWW and others in state court. Liberty asserted, *inter alia*, four claims alleging that Webb's transfers to KLWW were fraudulent as to Webb's creditors under §§38-8-105, 106, C.R.S. Liberty also claims that it is entitled to a constructive trust on the real estate owned by KLWW. Liberty filed a notice of lis pendens against the SCIP property, and obtained a pre-judgment writ of attachment against the assets of the defendants, including KLWW. On May 31, 2003, some of Webb's creditors filed an involuntary bankruptcy petition against Webb, and Webb remains in bankruptcy. Liberty's state court action later was removed to this court, and Liberty's fraudulent transfer claims remain pending in this case.

In his motion to dismiss Liberty's fraudulent transfer claims, the trustee of the Webb bankruptcy estate argues that Liberty does not have standing to assert its fraudulent transfer claims against Webb and KLWW. The trustee argues that under 11 U.S.C. § 544(b)(1), only the bankruptcy trustee has standing to assert such claims. I agree. Section 544(b) provides, in relevant part, that the "trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim." A bankruptcy trustee exercises his or her powers under § 544 for the benefit of the estate, and all creditors of the estate. *In re Munoz*, 111 B.R. 928, 930 (D. Colo. 1990). An "individual creditor has no standing to bring a fraudulent conveyance action under § 544(b)." *Id*. (citing *Nebraska State Bank v. Jones*, 846 F.2d 477, 478 (8th Cir. 1988)).

Liberty argues that its constructive trust claim against the SCIP real estate, which is owned by KLWW, and the recording of its lis pendens against that property give Liberty standing to pursue its fraudulent transfer claims against KLWW. I disagree. Liberty notes that under § 544(d), the trustee has the rights and powers of "a bona fide purchaser of real property . . . from the debtor. . . ." Liberty further notes that a bona fide purchaser of real property takes the property subject to the claim that is the basis of a properly recorded lis pendens. Thus, Liberty argues, the trustee's claim against KLWW and the SCIP property is subject to the claim that is the basis of Liberty's lis pendens against that property. I conclude that the § 544(d) perspective is not the relevant perspective.

The relevant perspective is that of the Webb Crane bankruptcy estate. From the perspective of the Webb bankruptcy estate, the property at issue is not real property. Webb Crane does not own the SCIP real estate, and thus the trustee's rights concerning Webb's real estate interests under § 533(a)(3) are not relevant. Rather, the property at issue is Webb's interest in the money Webb transferred to KLWW, allegedly fraudulently, before the bankruptcy petition was filed. Under § 541, which defines the bankruptcy estate, property fraudulently or improperly transferred by Webb prior to the bankruptcy petition is property of the bankruptcy estate. ***Koch Refining v. Farmers Union Cent. Exchange, Inc.***, 831 F.2d 1339, 1343 (7th Cir. 1987). The key question here is who has the right to seek recovery of this property from KLWW for Webb and its creditors? I conclude that under § 544(b)(1) only the trustee has standing to pursue a claim that Webb fraudulently transferred this property to KLWW. Liberty does not have standing to pursue such a fraudulent transfer claim.

"(W)hen a plaintiff lacks standing to bring suit, a court has no subject matter jurisdiction over the case." ***In re U.S. Catholic Conference***, 885 F.2d 1020, 1023 (2nd Cir. 1989), cert. denied 495 U.S. 918 (1990). Because Liberty lacks standing to assert its fraudulent conveyance claims, I conclude that this court does not have subject matter jurisdiction over these claims. Thus, Liberty's fraudulent transfer claims, as stated in its first, second, third, and fourth causes of action, must be dismissed for lack of subject matter jurisdiction.

**THEREFORE, IT IS ORDERED** as follows:

1) That the Chapter 7 trustee's motion to dismiss Liberty's fraudulent transfer claims [#182], filed February 9, 2005, is **GRANTED**; and

2) That under FED. R. CIV. P. 12(b)(1), Liberty's first, second, third, and fourth causes of action, as stated in Liberty's Second Amended Complaint, are **DISMISSED** for lack of subject matter jurisdiction.

Dated August 2, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge