**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 03-cv-2218-REB-CBS

LIBERTY SAVINGS BANK, FSB,

    Plaintiff,

v.

WEBB CRANE SERVICE, INC., a Colorado corporation,
JEFFREY A. WEINMAN, the Webb Crane Service, Inc., Chapter 7 Bankruptcy Trustee,
KLW & W, LLC, a Colorado corporation,
DAVID E. LEWIS, the KLW & W, LLC Chapter 7 Bankruptcy Trustee,
WILLIAM WEBB (a/k/a Will Webb), an individual,
KELLY WEBB, an individual,
LESLIE WEBB, an individual,
JOHN FORIER, an individual. and
GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,

    Defendants.

**ORDER GRANTING DEFENDANT GE CAPITAL'S MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT JOHN FORIER**

**Blackburn, J.**

This matter is before me on defendant General Electric Capital Corporation's (GE) motion for summary judgment against defendant John Forier [#155], filed November 1, 2004.  GE seeks summary judgment on all claims asserted by Forier against GE in Forier's Second Crossclaim and Counterclaim.  Forier asserts one claim against GE, a claim for tortious interference with contractual relations.  *Forier's Answer, Cross Claims and Counterclaims*, filed December 23, 2003, p. 17.  Forier has

not responded to GE's motion for summary judgment. Having carefully reviewed the record in this case, I conclude that GE is entitled to summary judgment on Forier's claim.

## I. JURISDICTION AND STANDARD OF REVIEW

I have supplemental jurisdiction over Forier's state law tortious interference with contract claim under 28 U.S.C. §1367. In fashioning my ruling I have judicially noticed all adjudicative facts in the file and record of this action *pro tanto*. I have considered the pleadings, discovery, and affidavits on file, together with the arguments advanced and authorities cited by the parties in their respective briefs. I have employed the analysis required by apposite law. *See* **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 250 (1986); **Celotex Corp. v. Catrett**, 477 U.S. 317, 325 (1986); **Matsushita Electric Industrial Co. v. Zenith Radio Corp**., 475 U.S. 574, 587 (1986); **Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc**., 912 F.2d 1238, 1241 (10th Cir.1990); **Redmon v. United States**, 934 F.2d 1151,1155 (10th Cir. 1991); and **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir.1994).

## II. ANALYSIS

Most of the facts relevant to Forier's claim are outlined in my order [#195] addressing GE's and plaintiff Liberty Savings Bank, FSB's motions for summary judgment, filed July 27, 2005. Forier sold the Gypsum property to Dennis Williams, Will Webb, Leslie Webb, and Kelly Webb (Webbs). As part of this transaction, Forier took a promissory note from the Webbs for 800,000 dollars, secured by a deed of

trust on the Gypsum property. Defendant Webb Crane Service guaranteed the note. The Webbs later formed an entity known as KLW & W, LLC (KLWW). Forier permitted KLWW to assume the obligations reflected in the promissory note and deed of trust, and to take title to the Gypsum property. KLWW later defaulted on its obligations under the note and deed of trust.

Forier claims that GE's actions related to GE's effort to secure and collect the debt owed by Webb Crane to GE, including GE's seizure of equipment owned by Webb Crane and subject to GE's security interest, prevented Webb Crane from performing its contractual obligations to Forier. Forier claims that GE's actions constitute tortious interference with contract.

To prove his claim of intentional interference with contract, Forier must establish that GE induced Webb to breach its contract with Forier. For the reasons outlined in Sections II and IV of my July 27, 2005, order [#195], I conclude that the evidence in the record is not sufficient to support a finding that GE induced Webb to breach Webb's contract with Forier. Viewing the facts in the record in the light most favorable to Forier, a reasonable fact finder could not conclude that GE's efforts to obtain additional security for the debt owed to GE by Webb or that GE's efforts to repossess the collateral securing that debt amount to an inducement that would sustain a claim of intentional interference with contract. As discussed in my July 27, 2005, order, GE's efforts to collect a legitimate debt and to enhance its secured position do not amount to the type of inducement or interference with contract that

supports a claim for tortious or intentional interference with contract. Therefore, GE is entitled to summary judgment on Forier's intentional interference with contract claim.

**THEREFORE, IT IS ORDERED** that defendant General Electric Capital Corporation's motion for summary judgment against defendant John Forier [#155], filed November 1, 2004, is **GRANTED**.

Dated September 15, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge