**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  03-cv-02218-REB-CBS

LIBERTY SAVINGS BANK, FSB,

    Plaintiff,

v.

WEBB CRANE SERVICE, INC., a Colorado corporation, and
JEFFREY A. WEINMAN, the Webb Crane Service, Inc., Chapter 7 Bankruptcy Trustee,

    Defendants.

## ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT

**Blackburn, J.**

    This matter is before me on the **Plaintiff's Motion for the Direction of Entry of Final Judgment Under Rule 54(b) FRCP** [#227], filed February 27, 2006.  The motion is denied.

    I have granted motions for summary judgment concerning all of the plaintiff's claims against defendant GE Capital Corporation, claims ten through eighteen in the complaint.  Currently, it appears that the plaintiff's fifth, sixth, seventh, eighth, and ninth claims for relief remain pending against defendants Webb Crane Service, Inc., and Jeffrey Weinman, the Chapter Seven Bankruptcy Trustee for the Webb Crane Service, Inc., bankruptcy estate.  In its motion for entry of final judgment, the plaintiff argues that there is no just reason to delay the entry of final judgment on its claims against GE Capital Corporation, claims ten through eighteen.  The plaintiff already has filed a notice of appeal with the United States Court of Appeals for the Tenth Circuit.

Under FED. R. CIV. P. 54(b), I may direct entry of final judgment as to one or more, but fewer than all, claims in a case if I determine that there is " no just reason for delay" in entering such a judgment. In this case, I conclude that there is not good cause for the entry of final judgment on the plaintiff's claims against defendant GE Capital. The claims against the remaining defendants are related to the plaintiff's claims against GE Capital. Further, the remaining claims appear to be close to resolution. There is no particular urgency that requires that the plaintiff's claims against GE Capital be resolved on appeal before this case is resolved fully at the trial level. The entry of judgment on some but not all claims at this point would promote piecemeal appeals without good reason. I conclude that it would be much more efficient to delay the entry of final judgment in this case until after all claims against all parties to this case have been resolved.

**THEREFORE IT IS ORDERED** that the **Plaintiff's Motion for the Direction of Entry of Final Judgment Under Rule 54(b) FRCP** [#227], filed February 27, 2006, is **DENIED**.

Dated June 16, 2006, at Denver, Colorado.

                                        **BY THE COURT:**

                                        s/ Robert E. Blackburn
                                        **Robert E. Blackburn**
                                        **United States District Judge**