**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  03-cv-02218-REB-CBS

LIBERTY SAVINGS BANK, FSB,

     Plaintiff,

v.

WEBB CRANE SERVICE, INC., a Colorado corporation, et al.
     Defendants.

---

**ORDER DENYING GE CAPITAL'S MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 11**

---

**Blackburn, J.**

     This matter before me is **GE Capital's Motion for Sanctions Pursuant to Fed.
R. Civ. P. 11** [#213], filed September 21, 2005. I deny the motion.

     In the "Introduction" to the motion, GE charges generally that plaintiff has
violated Rule 11 by filing false and frivolous claims and that this initial violation was
compounded when plaintiff intentionally protracted the litigation by engaging in
unnecessary discovery and by filing false and frivolous motions. *See* Motion at 2, ¶ I.
Under the rubric of "Argument," GE claims that plaintiff violated Rule 11 in essentially
four ways: 1) ". . . by filing the ten (10) false and frivolous counts against GE Capital
(Counts 10 through 19 of Liberty's Second Amended Complaint) . . .," *see id*. at 4, ¶
III.B; 2) ". . . by purposefully protracting this litigation through needless and pointless . . .
discovery requests and depositions . . .," *see id*.; 3) ". . . by filing false and frivolous (and
in the case of Liberty's Crime-Fraud Motion, scandalous as well) motions . . .," *see id*.;
and     4) ". . . by refusing, despite GE Capital's express request and demand, to

dismiss with prejudice its false and frivolous counts . . .," *see id*. In support of its general

claims, GE incorporates nondescriptly the entire record by reference and six papers GE

filed in the course of the litigation, *see id*.[1] No further circumstantiation is offered.  Such

general references do not approach the quantum of proof necessary to sustain GE's

burden of persuasion.  I have neither the time nor the inclination to do GE's work by

parsing punctiliously through each individual claim for relief and each of the papers

cited generally by GE to determine if the exacting standards of Rule 11 have been

satisfied in the context of GE's conclusory assertions. As the Seventh Circuit noted

aptly, "(j)udges are not like pigs, hunting for truffles buried in briefs."  **United States v.**

**Dunkel**, 927 F.2d 955, 956 (7th Cir. 1991).

Notwithstanding GE's impassioned arguments to the contrary, I find and

conclude that plaintiffs' counsel did just enough to escape barely the imposition of

sanctions under Rule 11. Although I did not find the facts alleged or arguments

advanced by plaintiff to be sufficient to escape summary judgment under **FED. R. CIV. P.**

**56**, they did provide a minimal, non-frivolous basis to plead the claims for relief

enumerated in the second amended complaint.

Finally, an award of attorney's fees as a sanction for violation of Rule 11 is not

automatic. Rule 11 is not intended to compensate or reimburse the opposing party, but

rather to vindicate the court's interest in deterring future abuses of the Rule.  *See **Dodd***

---

[1] Disturbingly, in identifying these six papers, GE does not provide their precise titles, their docket numbers within the court's CM/ECF database, or their filing dates. Equally disturbing is the fact that GE has ignored my practice standard requiring "specific references in the form of pinpoint citations." *See* REB Civ. Practice Standard II.D.2. Both procedural deficiencies adversely affect my ability to ascertain the validity of GE's claims.

*Insurance Services, Inc. v. Royal Insurance Co. of America*, 935 F.2d 1152, 1159 (10th Cir. 1991); *In re Melton*, 217 B.R. 869, 874 n.1 (D. Colo. 1998).  Thus, despite its reference to attorney's fees, Rule 11 does not create a right to full compensation of the opposing party's actual attorney's fees every time a frivolous paper or claim is filed. *White v. General Motors Corp.*, 908 F.2d 675, 683-84 (10th Cir. 1990), *cert. denied*, 111 S.Ct. 788 (1991) ("*White I*"); *Storage Technology Partners II v. Storage Technology Corp.*, 117 F.R.D. 675, 680 (D. Colo. 1987); *Colorado Chiropractic Council v. Porter Memorial Hospital*, 650 F.Supp. 231, 243 (D. Colo. 1986).  Rather, "the amount of sanctions is appropriate only when it is the '*minimum* that will serve to *adequately* deter the undesirable behavior.'" *White I*, 908 F.2d at 685 (quoting *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3rd Cir. 1988) (emphases in *Doering*)); *see also Wallic v. Owens-Corning Fiberglass Corp.*, 40 F.Supp.2d 1185, 1191 (D. Colo. 1999).

The Tenth Circuit has articulated several factors that I must consider in arriving at an appropriate monetary sanction, including: (1) the lodestar calculation; (2) the minimum level of sanction adequate to deter future abuse; (3) the offender's ability to pay; and (4) other factors deemed appropriate to the individual circumstances, such as (a) the offending party's history, experience, and ability; (b) the severity of the violation; (c) whether bad faith or malice was involved in the violation; and (d) the risk of chilling the type of litigation involved.  *White I*, 908 F.2d at 684-85.

Thus, assuming, *arguendo*, that a violation of Rule 11 had been circumstantiated, I am far from convinced that a monetary sanction in the amount of

$400,000 constitutes the minimum necessary to deter the allegedly objectionable conduct.

**THEREFORE, IT IS ORDERED** that **GE Capital's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11** [#213], filed September 21, 2005, **IS DENIED**.

Dated September 21, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**